**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ X
High Point Preferred Insurance Company,  :

        Plaintiff,  :  INDEX NO. 09 Civ. 410 (LMM) (AJP)

  -against-  :  **NOTICE OF MOTION**

Madison Square Garden, L.P., et al.,  :

        Defendants.  :
------------------------------------ X

*[Handwritten endorsement:] Motion denied as moot. See Stipulation and Order of even date herewith. So ordered. [signature] (LMM) 4/20/09*

**MEMO ENDORSED**

**MOTION BY DEFENDANT MADISON SQUARE GARDEN, L.P.
TO DISMISS COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Madison Square Garden, L.P. ("MSG") moves this Court for an Order dismissing with prejudice Count I of Plaintiff High Point Preferred Insurance Company's ("High Point") complaint. As set forth in the accompanying memorandum of law:

1. Count I of High Point's complaint alleges that MSG violated the New York Dram Shop Act, N.Y. Gen. Oblig. Law § 11-101(1), and seeks damages equal to the amount of personal injury protection (PIP) benefits that High Point has paid as a result of the alleged violation.

2. Count IV alleges a cause of action against MSG's general commercial liability insurer for PIP reimbursement pursuant to the New Jersey PIP reimbursement statute, N.J. Stat. Ann. § 39:6A-9.1.

3. The New Jersey PIP reimbursement statute, under which High Point has brought its claim, is the exclusive remedy for New Jersey PIP insurers to recover benefits they have paid.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/09

4. Under the PIP statute, an alleged tortfeasor that carries general commercial liability insurance coverage is immune from suit for PIP reimbursement, and a PIP insurer may seek recovery only from the alleged tortfeasor's insurer.

5. Even if the PIP reimbursement statute were not an exclusive remedy, a PIP insurer lacks standing to sue under the Dram Shop Act.

Accordingly, Count I of the complaint, High Point's sole claim against MSG, should be dismissed with prejudice.

Dated: April 6, 2009                    Respectfully submitted,

*/s/ Nathanael S. Kelley*
Nathanael S. Kelley
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
T: 212.547.5000
F: 212.547.5444

Bobby R. Burchfield (*pro hac vice*)
Richard W. Smith (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, DC 20005-3096
T: 202.756.8000
F: 202.756.8087

Attorneys for Defendant
Madison Square Garden, L.P.

## CERTIFICATE OF SERVICE

    Robert J. Candella, hereby certifies that, on April 6, 2009, I served the foregoing Motion to Dismiss and Memorandum of Law in Support on Behalf of Defendant Madison Square Garden, L.P. upon the following parties by causing a true and correct copy of the aforementioned papers to be delivered by the Court's CM/ECF system and/or via Federal Express overnight delivery:

        Mitchell R. Friedman, Esq.
        Mitchell R. Freidman, P.C.
        11 Hanover Square, 20th Floor
        New York, NY 10005
        *Attorneys for High Point Preferred Insurance Company*

        Glenn A. Jacobson, Esq.
        Abrams, Gorelick, Friedman & Jacobson
        One Battery Park Plaza, 4th Floor
        New York, NY 10004
        *Attorneys for 247 W. 37th Street, LLC i/s/h/a Stitch Bar & Lounge Inc. and QBE Insurance of the Americas*

        Stephanie A. Nashban, Esq.
        Lewis, Brisbois, Bisgaard & Smith, LLP
        199 Water Street, 25th Floor
        New York, NY 10038
        *Attorneys for American Insurance Group, Inc.*

        Samuel L. Davis, Esq.
        Davis, Saperstein & Salomon, P.C.
        375 Cedar Lane
        Teaneck, NJ 07666
        *Counsel for Plaintiffs*

        Carl Sandel, Esq.
        Morris, Duffy, Alonso & Faley
        2 Rector Street, 22nd Floor
        New York, NY 10006
        *Counsel for Defendant Kevin Freibott*

Dated: April 6, 2009

                                                      Robert J. Candella